NOURSE & BOWLES, LLP
Attorneys for Plaintiff
TE HSING MARITIME S.A.
One Exchange Plaza
At 55 Broadway
New York, NY 10006-3030
(212) 952-6200

**08 CV 03437**



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TE HSING MARITIME S.A.,                   :
                                          :
                Plaintiff,        :
                                          :   08 Civ.        (    )
          - against -                  :
                                          :   **VERIFIED COMPLAINT**
PRANAY AGENCIES PRIVATE LIMITED,          :
                                          :
                Defendant.        :
------------------------------------------------------------X

       Plaintiff, Te Hsing Maritime S.A. ("Plaintiff"), by its attorneys, Nourse & Bowles, LLP, complaining of the above-named defendant, Pranay Agencies Private Limited ("Defendant"), alleges on information and belief as follows:

       1.    This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. § 1333.

2. At all material times, Plaintiff was and now is a corporation or other business entity organized and existing under the laws of Panama with an office and place of business at 551 Jiourno 1st Road, Sanmin District, Kaohsiung, Taiwan.

3. At all material times, Defendant was and now is a corporation or other business entity organized and existing under the laws of a foreign country with an office and place of business at 31-A, C.R. Avenue, Trust House, 7th Floor, Kolkata, India 700 012.

4. Pursuant to a fixture note dated August 30, 2006, Plaintiff, as owner of the vessel M/V TE HSING (the "Vessel") chartered the Vessel to Defendant, as charterer. The fixture note provides for resolution of disputes between the parties by arbitration in Hong Kong with English law to apply.

5. A number of disputes arose between the parties under the fixture note, including disputes concerning delays to the Vessel at various ports and compensation for these delays. These various disputes were submitted to arbitration in Hong Kong in accordance with the fixture note.

6. On January 10, 2008, an arbitration award was made in accordance with the fixture note. After allowing some credits in Defendant's favor for certain freight and dispatch, the arbitrator awarded Plaintiff the principal amount of $292,214.97 respecting detention damages and disbursements in connection with the wrongful arrest of the Vessel by Defendant while the Vessel was at Kolkata,

India, together with interest to run on said amount from January 5, 2007 until payment at the rate of 8% per annum and costs in Plaintiff's favor which are to be assessed, absent agreement, in a further award.

7. In accordance with the award, Plaintiff also claims interest in the estimated amount of $46,754.40 which is based on two years of interest at 8% from January 5, 2007 until the anticipated date of confirmation and payment of the award by January 5, 2009, as best as can presently be calculated.

8. In accordance with the award, Plaintiff also claims costs in the amount of $46,100, which includes some $16,100 in arbitrators' costs and $30,000 in Hong Kong solicitor's costs which were specifically made recoverable against Defendant in the award.

9. By reason of the foregoing premises, Defendant owes Plaintiff the total sum of $386,069.37 as best as can presently be calculated.

10. Defendant cannot be found within the district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight, hire or credits including but not limited to electronic fund transfers in the hands of garnishees in this District.

WHEREFORE, Plaintiff prays:

    A.    That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

    B.    That, since Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendant's tangible or intangible property owing or otherwise the property of the Defendant up to the amount of $386,069.37 to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Admiralty Rule B, answer the matters alleged in the Complaint.

    C.    That such property attached pursuant the Process of Maritime Attachment and Garnishment remain sequestered to serve as security for the payment of Plaintiff's claims and the foregoing award; and

D. That, following the attachment of sufficient funds to secure Plaintiff as prayed herein, that action be stayed pending confirmation of the award.

E. That, following attachments of funds, as prayed, this Court hear and decide Plaintiff's petition to confirm the award.

F. That, following confirmation of the award, Plaintiff have execution against the attached funds to satisfy the award.

G. That Plaintiff has such other, further and different relief as may be just and proper.

Dated: New York, New York
April 8, 2008

NOURSE & BOWLES, LLP
Attorneys for Plaintiff
TE HSING MARITIME S.A.

By:_____
Armand M. Paré, Jr. (AP-8575)
One Exchange Plaza
At 55 Broadway
New York, NY 10006-3030
(212) 952-6200

STATE OF NEW YORK     )
                      ) ss:
COUNTY OF NEW YORK    )

ARMAND M. PARÉ, JR., being duly sworn, deposes and says:

I am a member of the firm of Nourse & Bowles, LLP, attorneys for plaintiff herein and I have read the foregoing Verified Complaint and know the contents thereof and that the same are true to my own knowledge, except as to the matters herein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The source of my information is documents, records and other information submitted to me on behalf of the plaintiff.

This verification is made by me because plaintiff is a foreign corporation.

_____
ARMAND M. PARÉ, JR.

Sworn to before me this
8th day of April, 2008

_____
Notary Public

JANE COLASURDO
Notary Public, State Of New York
No. 31-4786002
Qualified In New York County
Commission Expires April 30, 2011